UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PENNSYLVANIA HIGHER EDUCATION )
ASSISTANCE AGENCY, as Servicing Agent )
for, and on behalf of SUNTRUST BANK, )
)
        Plaintiff, )
)
v. ) No. 1:12-cv-271
) *Mattice / Lee*
BENJAMIN SCOTT COFFEY, )
)
        Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff Pennsylvania Higher Education Assistance Agency ("PHEAA"), as servicing agent for, and on behalf of SunTrust Bank, brought suit against Benjamin Scott Coffey, alleging default on repayment of a student loan which was executed by promissory note and which PHEAA serviced for SunTrust Bank [Doc. 1]. Plaintiff sought judgment against Defendant for the full amount of the indebtedness, along with interest, costs, and attorneys' fees. Defendant did not answer the complaint after being served, default was entered against Defendant, and Plaintiff filed a motion for default judgment [Docs. 4, 5, 6 & 7]. This matter was referred for a hearing and determination of damages pursuant to Fed. R. Civ. P. 55(b)(2) [Doc. 8]. An evidentiary hearing with respect to damages was duly noticed and held on February 28, 2013 [Doc. 9]. Defendant failed to appear at the hearing, despite having been served with notice, and did not make any contact with the Court. Plaintiff's counsel, Holly Knight, and Plaintiff's representative, Patricia Walton, both appeared at the hearing by telephone and testimony consistent with the previously provided affidavits, proposed findings of fact, and the complaint was introduced.

Based on the credible testimony, and taking as true the allegations in the complaint, I

**INCORPORATE BY REFERENCE** proposed findings of fact 1-25 as set forth by Plaintiff [Doc. 12], which address findings of fact relevant to the Court's jurisdiction, Plaintiff's cause of action against Defendant, Defendant's default, and the contractual provision entitling Plaintiff to relief as to the amount of indebtedness, pre-judgment interest, costs, and attorneys' fees.[1] I accept all such findings as true and further find and conclude as follows:

1. Plaintiff is entitled to attorneys' fees for 21.3 hours of work incurred through February 28, 2013, which is a reasonable and necessary number of hours incurred in this case. Attorneys' fees are awarded at a rate of $250.00 an hour, a rate which is reasonable for the Chattanooga, Tennessee area, for a total award of attorney's fees of $5,325.00.

2. Plaintiff is entitled to recover costs of $350.00 for the case filing fee.

3. Plaintiff is entitled to recover pre-judgment interest through the date of the hearing, February 28, 2013, in the amount of $467.18.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, based on the action arising under the Health Professions Education Act, 42 U.S.C. § 292-292y.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) due to Defendant's residency in the District.

6. Pursuant to Rules 54(d) and 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff is entitled to entry of a judgment by default against Benjamin Scott Coffey. Entry of judgment is in accordance with such Rules.

---

[1] The provision was also read into the record during the hearing, as the promissory note attached to the complaint, and admitted as an exhibit during the hearing, was difficult to read [Doc. 1-1].

Based on the foregoing findings and conclusions, I **RECOMMEND**[2] that Plaintiff be awarded judgment against Defendant for damages in the following amounts:

1. The principal amount of **$26,763.89**;

2. Pre-judgment interest through February 28, 2013 in the amount of **$467.18**;

3. Attorneys' fees in the amount of **$5,325.00** and costs in the amount of **$350.00**; for a pre-judgment total of **$32,906.07**; and

4. Post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).